# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0133-CVE |
| ) | |
| DON E. OSBY, JR., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Re-Open Sentencing (Dkt. # 38). Defendant asks the Court to re-open his sentencing hearing for consideration of additional evidence about his wife's health problems, because he believes that he would have received a downward departure or variance if the Court had considered this evidence. The government has filed a response to defendant's motion and argues that the Court lacks jurisdiction to re-open a sentencing proceeding after an appeal has been filed.

A grand jury returned an 18 count indictment charging defendant with making false statements to a financial institution, aggravated identity theft, and use of a false social security number. Defendant plead guilty to one count of making a false statement to a financial institution in violation of 18 U.S.C. § 1014, and he faced a possible maximum sentence of 30 years imprisonment. Dkt. # 18. On February 12, 2013, the Court held a sentencing hearing and defendant was sentenced to a term of imprisonment of twelve months and one day. Defendant was also ordered to pay restitution in the amount of $100,088.08. Judgment and commitment (Dkt. # 31) was entered on February 13, 2013. On February 27, 2013, defendant filed a notice of appeal (Dkt. # 33). Defendant now claims that his attorney failed to seek a downward departure or variance based on

his wife's medical condition, and he asks the Court to re-open the sentencing hearing for consideration of this evidence.

Defendant has appealed his sentence to the Tenth Circuit Court of Appeals. The filing of a notice of appeal "is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Pickard, 676 F.3d 1214 (10th Cir. 2012) (quoting United States v. Madrid, 633 F.3d 1222, 1226 (10th Cir. 2011). This rule is subject to certain narrow exceptions. For example, a district court may consider collateral matters while an appeal is pending, such a defendant's request for release pending appeal. United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006). The filing of a notice of appeal also does not divest a district court of jurisdiction to hear a timely motion to correct sentence under Fed. R. Crim. P. 35(a). In this case, defendant has filed a notice of appeal and the Court lacks jurisdiction to consider defendant's motion to re-open his sentencing hearing. Defendant's sentence is the primary issue before the Tenth Circuit on appeal, and he must raise his arguments concerning his sentence before the Tenth Circuit.

Even if the Court had jurisdiction over this matter, defendant has not shown that the Court has the power to grant his request to re-open the sentencing hearing. "'A district court does not have inherent power to re-sentence defendants at any time,' but has the power to do so only where authorized by statute . . . ." United States v. McGaughy, 670 F.3d 1149, 1153 (10th Cir. 2012) (quoting United States v. Blackwell, 81 F.3d 945, 949 (10th Cir. 1996). Under Rule 35(a), "the court may correct a sentence that resulted from arithmetical, technical, or other clear error," but such a motion must be filed within 14 days of the sentencing hearing. The 14 day time limit is jurisdictional and a district court may not hear an untimely Rule 35(a) motion. McGaughy, 670 F.3d

at 1157-58. Defendant's motion was filed more than a month after the sentencing hearing and it would not be timely under Rule 35(a). Defendant cites the All Writs Act, 18 U.S.C. § 1651, as the legal basis to re-open his sentencing hearing. Dkt. # 38, at 1; Dkt. # 40, at 1-2. However, a defendant may not challenge his sentence under the All Writs Act "when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). In this case, defendant has other remedies available to challenge his sentence, such as a direct appeal and a § 2255 motion, and this is not an extraordinary case in which the All Writs Act provides a basis for defendant to re-open his sentencing hearing. See Embrey v. United States, 240 Fed. App'x 791 (10th Cir. July 9, 2007) (common law writs are only available, if available at all, when the defendant has exhausted all other sources for relief, such as a direct appeal or a § 2255 motion).[1] Finally, the Court notes that, prior to sentencing, it reviewed the presentence investigation report, which provides detailed information concerning defendant's personal and family history. When determining defendant's sentence, the Court considered all of the information in the presentence investigation report and applied the 18 U.S.C. § 3553(a) factors, and found that no variance was warranted. Even if defendant had provided additional information about his wife's medical condition, the Court would not have been inclined to grant a downward variance given the seriousness of defendant's offense and the harm suffered by the victims of the offense.

**IT IS THEREFORE ORDERED** that defendant's Motion to Re-Open Sentencing (Dkt. # 38) is **dismissed for lack of jurisdiction**.

**DATED** this 26th day of March, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.